# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKY CURTIS, | CASE NO. 1:06-cv-00045-OWW-NEW (DLB) PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANT DOE ONE |
| v. | |
| N. KUSHNER, et al., | |
| Defendants. | (Doc. 1) |

I.    Screening Order

    A.    Screening Standard

Plaintiff Rocky Curtis ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 13, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1     "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2  exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534
3  U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a
4  short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R.
5  Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's
6  claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. A court may
7  dismiss a complaint only if it is clear that no relief could be granted under any set of facts that
8  could be proved consistent with the allegations. <u>Id</u>. at 514. "'The issue is not whether a plaintiff
9  will ultimately prevail but whether the claimant is entitled to offer evidence to support the
10 claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and
11 unlikely but that is not the test.'" <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (quoting
12 <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); see also <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171
13 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . .
14 .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal
15 pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490
16 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply
17 essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>,
18 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir.
19 1982)).

20     B.     Plaintiff's Eighth Amendment Claims
21     Plaintiff is an inmate housed at Pleasant Valley State Prison, where the events at issue in
22 this action allegedly occurred. Plaintiff seeks money damages against defendants Kushner,
23 Smith, Bresler, Culton, Hodges-Wilkin, and John Does 1 and 2 for allegedly violating his rights
24 under the Eighth Amendment. Plaintiff's claims arise from the failure to provide him with
25 timely, adequate medical care for his broken finger.
26     The Civil Rights Act under which this action was filed provides:
27         Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the
28         deprivation of any rights, privileges, or immunities secured by the

>Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.)  Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on

1  other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).
2  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to
3  further harm in order for the prisoner to make a claim of deliberate indifference to serious
4  medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison
5  Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).
6         Plaintiff alleges that on May 13, 2004, he broke one finger and injured two others while
7  playing softball.  Plaintiff alleges that he was taken to the Coalinga Regional Medical Center,
8  where he was told he needed to see a specialist.  Plaintiff was seen by a specialist on May 27,
9  2004, who ordered urgent surgery.  Surgery was done on July 22, 2004.  On October 15, 2004,
10 plaintiff's splint case, steel pins, and stitches were removed.  Plaintiff alleges that Dr. Nochols
11 stated they should have been removed six weeks earlier, and as a result, plaintiff's inability to
12 move his fingers normally would likely be permanent.
13        Plaintiff alleges that on October 20, 2004, physical therapy was ordered.  On October 26,
14 2004, plaintiff was seen by a therapist, who attempted to straighten his finger by pulling on it,
15 which caused excruciating pain.  Plaintiff alleges the therapist said if he had been on the streets, a
16 shot for pain would have been used, but since plaintiff was in prison, he would have to deal with
17 it.
18        Plaintiff alleges that Dr. Kushner, a defendant, prescribed Ecotrin, which amounted to
19 nothing more than aspirin.
20        Plaintiff alleges that he did not receive any care between the one unsuccessful physical
21 therapy session and the amputation of his finger on October 3, 2005, and that the amputation of
22 his finger could have been avoided if it had not been for the delay in treatment.  Plaintiff also
23 alleges that Drs. Kushner and Smith, in responding to his inmate appeal, were misleading and
24 dishonest, and Dr. Culton stated the treatment plaintiff received was timely, which plaintiff
25 disputes.
26        Defendants Kushner, Smith, Bresler, Culton, and Hodges-Wilkin were involved in
27 responding to plaintiff's inmate appeal grieving the claims at issue in this action.  (Doc. 1,
28 Comp., pgs. 11-19.)  To state a claim under section 1983, a plaintiff must allege that (1) the

defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). The existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.2d 641, 647 (7th Cir. 2001). There are no allegations that defendants Kushner, Smith, Bresler, Culton, and Hodges-Wilkin were responsible for the alleged deliberate indifference to plaintiff's medical needs, and their involvement in addressing plaintiff's inmate appeal provides no basis upon which to impose liability under section 1983.

Defendant Kushner also allegedly prescribed Ecotrin, a medication plaintiff found to be lacking. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). Plaintiff's disagreement with the choice of medication prescribed does not support a claim for relief under section 1983 against defendant Kusher.

With respect to the physical therapist Doe 1, plaintiff's allegation that the therapist conducted a procedure for which plaintiff would have been prescribed pain medication had he not been incarcerated and which caused plaintiff excruciating pain is sufficient to support a claim for relief under section 1983. Fed. R. Civ. P. 8(a); 127 S.Ct. 2197, 2200 (2007).

With respect to the second Doe physical therapist, plaintiff alleges that the amputation had been put into motion and the therapist said why bother with therapy if they are going to your finger off. This statement does not support a claim under section 1983 that the therapist "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837. Accordingly, plaintiff fails to state a claim against defendant Doe 2.

C. Conclusion

Plaintiff's complaint states a cognizable claim for relief against defendant Doe 1 for acting with deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment. However, plaintiff's complaint does not state a claim upon which relief may be

5

1  granted against any other defendant.  The court will provide plaintiff with the opportunity to file
2  an amended complaint, if plaintiff wishes to do so.
3         If plaintiff does not wish to file an amended complaint and is agreeable to proceeding
4  only against defendant Doe 1, plaintiff may so notify the court in writing, and the court will issue
5  a Findings and Recommendations recommending that the remaining defendants be dismissed
6  from this action.  Because the United States Marshal cannot initiate service on an unidentified
7  defendant, the court will open discovery for the limited purposed of allowing plaintiff to obtain
8  Doe 1's identity so that service of process may be initiated.  Plaintiff will need to seek leave to
9  amend to substitute the true names of the Doe defendants once he learns who they are.  See
10 Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Merritt v. Los Angeles, 875 F.2d
11 765, 768 (9th Cir. 1989); see Swartz v. Gold Dust Casino, Inc., 91 F.R.D. 543, 547 (D. Nev.
12 1981).
13         In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local
14 Rule 15-220 requires that an amended complaint be complete in itself without reference to any
15 prior pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See
16 Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the
17 original pleading no longer serves any function in the case.  Therefore, in an amended complaint,
18 as in an original complaint, each claim and the involvement of each defendant must be
19 sufficiently alleged.
20         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
21 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
22 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
23 each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there
24 is some affirmative link or connection between a defendant's actions and the claimed
25 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
26 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
27         Based on the foregoing, it is HEREBY ORDERED that:
28         1.      The Clerk's Office shall send plaintiff a civil rights complaint form;

1      2.      Within **thirty (30) days** from the date of service of this order, plaintiff must either:
- a. File an amended complaint curing the deficiencies identified by the court in this order, or
- b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendant Doe 1 on his Eighth Amendment medical care claim; and

3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

    Dated:    **July 21, 2007**            /s/ **Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE