# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKY CURTIS, | 1:06-cv-00045-OWW-GSA-PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO SERVE DEFENDANT |
| v. | |
| ERNEST VAUGHN, | THIRTY DAY DEADLINE |
| Defendant. / | |

**I.   BACKGROUND**

Rocky Curtis ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. This action now proceeds on plaintiff's original complaint filed January 13, 2006, against defendant Ernest Vaughn, on plaintiff's Eighth Amendment medical care claim.[1]

On February 8, 2008, the Court directed the United States Marshal to serve process on Physical Therapist Vaughn.[2] (Doc. 18.) On April 3, 2008, the Marshal filed a return of service unexecuted, indicating that the Marshal had contacted the CDC Locator, and no Vaughn was

---

[1] On November 6, 2007, the court issued an order for this case to proceed only against defendant Doe 1 on plaintiff's Eighth Amendment medical care claim, and dismissing all other claims and defendants. (Docs. 12, 14.) Plaintiff later identified defendant Doe 1 as Physical Therapist Ernest Vaughn. (Docs. 16, 23.)

[2] At the time the Court first ordered service, defendant Vaughn's first name was unknown.

1

listed as a physical therapist working for the CDC. (Doc. 20.) On August 4, 2008, the Court ordered plaintiff to provide more information to assist the Marshal to serve the defendant. (Doc. 22.) On September 4, 2008, plaintiff provided the defendant's entire name, Mr. Ernest Vaughn, and employer, Infinity Quality Services. (Doc. 23.) With this additional information, on November 13, 2008, the Court issued a second order for the Marshal to serve process on defendant Vaughn. (Doc. 24.) On January 16, 2009, the Marshal filed another return of service unexecuted, indicating that Ernest Vaughn was a contract employee, and therefore Pleasant Valley State Prison has no personnel records on him and cannot accept service on his behalf. (Doc. 27.) As a result, defendant remains unserved.

**II. ORDER TO SHOW CAUSE**

Within thirty days from the date of service of this order, pursuant to Federal Rule of Civil Procedure 4(m), plaintiff shall show cause why this action should not be dismissed for failure to effect timely service of the summons and complaint upon defendant Ernest Vaughn.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of service of this order, plaintiff shall file a written response to the court, showing cause why this action should not be dismissed for failure to effect timely service of the summons and complaint on the sole defendant in this action, Ernest Vaughn; and

2. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated: **April 3, 2009**  /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE