# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKY CURTIS, | 1:06-cv-00045-OWW-GSA-PC |
| Plaintiff, | ORDER FINDING RE-SERVICE OF COMPLAINT APPROPRIATE, AND |
| v. | FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND |
| ERNEST VAUGHN, | RETURN WITHIN THIRTY DAYS |
| Defendant. | (Doc. 1) |

Plaintiff Rocky Curtis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds with plaintiff's original complaint, filed January 13, 2006, against defendant Ernest Vaughn.[1] (Doc. 1.) On February 8, 2008, the court directed the United States Marshal to initiate service of process upon defendant Physical Therapist Vaughn at Pleasant Valley State Prison ("PVSP"). (Doc. 18.) On April 3, 2008, the Marshal filed a return of service unexecuted as to defendant Vaughn, based on evidence that no Physical Therapist Vaughn was working at PVSP. (Doc. 20.) Plaintiff was ordered to provide additional information to locate defendant Vaughn for service. (Doc. 22.) On November 4, 2008, plaintiff responded that defendant Vaughn's first name is Ernest, and he was employed by Infinity Quality Services. (Doc. 23.) On November 13, 2008, the court issued a second order for

---

[1] On November 6, 2007, the Court ordered this action to proceed only against defendant Doe 1 on plaintiff's Eighth Amendment medical care claim, and dismissing all other claims and defendants. (Docs. 12, 14.) Plaintiff later identified defendant Doe 1 as Physical Therapist Ernest Vaughn. (Docs. 16, 23.)

1

the United States Marshal to initiate service upon defendant Vaughn, using the new information provided by plaintiff. (Doc. 24.) On January 16, 2009, the Marshal filed a return of service unexecuted as to defendant Vaughn, based on evidence that Vaughn was a contract employee who has not worked at PVSP for several years, and PVSP has no personnel records on him. (Doc. 27.) On April 3, 2009, the Court issued an Order to Show Cause, requiring plaintiff to show cause why this action should not be dismissed for failure to serve defendant Vaughn. (Doc. 28.) On April 30, 2009, plaintiff provided the Court with a new address for defendant Vaughn. (Doc. 31.) Due to this new information, service shall be initiated upon defendant Vaughn at the new address. Accordingly, it is HEREBY ORDERED that:

1. Service is appropriate for defendant **ERNEST VAUGHN**;

2. The Clerk of the Court shall send Plaintiff one (1) USM-285 form, one (1) summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the complaint filed January 13, 2006 (Doc. 1.);

3. Within **thirty (30) days** from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a. Completed summons;

    b. One completed USM-285 form for defendant Ernest Vaughn; and

    c. Two (2) copies of the endorsed complaint filed January 13, 2006;

4. Plaintiff need not attempt service on Defendant and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. <u>The failure to comply with this order will result in a recommendation that this action be dismissed</u>.

IT IS SO ORDERED.

Dated: May 6, 2009        /s/ Gary S. Austin
                          UNITED STATES MAGISTRATE JUDGE