# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKY CURTIS, | 1:06-cv-00045-GSA-PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT (Doc. 42.) |
| v. | |
| VAUGHN, | ORDER FOR CLERK TO ENTER DEFAULT AGAINST DEFENDANT ERNEST VAUGHN |
| Defendant. | |

Rocky Curtis ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action now proceeds with the Complaint filed on January 13, 2006, on Plaintiff's Eighth Amendment claims against defendant Ernest Vaughn[1] ("Defendant").[2] The parties to this action have consented to the jurisdiction of a Magistrate Judge, and this action was assigned to the undersigned for all further proceedings, including trial and entry of judgment. (Docs. 21, 39, 40.)

On December 29, 2009, Plaintiff filed a request for entry of default against Defendant Ernest Vaughn. (Doc. 42.)

**I.    REQUEST FOR ENTRY OF DEFAULT**

Plaintiff requests entry of default against Defendant Ernest Vaughn based on the court's record showing that Defendant has not filed a timely response to the Complaint. Plaintiff refers to the court's record which shows that Defendant signed a Waiver of Service, giving Defendant sixty

---

[1] Defendant Ernest Vaughn was named in the Complaint as John Doe 1; however, Plaintiff provided the court with Defendant's name and address prior to service.

[2] All other claims and defendants were dismissed from this action by the court on November 6, 2007. (Doc. 14.)

1

1  days from July 7, 2009 in which to file an answer or motion under Rule 12 in response to Plaintiff's
2  Complaint. (Doc. 38.)
3     Entry of default is appropriate as to any party against whom a judgment for affirmative relief
4  is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil
5  Procedure and where that fact is made to appear by affidavit or otherwise. See Fed. R. Civ. P. 55(a).
6  Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer
7  within 20 days after being served with the summons and complaint; or if it has timely waived service
8  under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A).
9  Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver
10 of service. Fed R. Civ. P. 4(d).
11    In this action, the United States Marshal sent a Waiver of Service form on behalf of Plaintiff
12 to Defendant on July 7, 2009. (See Doc. 38.) Defendant signed the form on July 10, 2009, and
13 returned the form to the Marshal. Id. The Marshal received the completed form on July 13, 2009
14 and filed it at the court on July 23, 2009. Id. Based on this evidence, the court finds that Defendant
15 Ernest Vaughn timely waived service under Rule 4(d), causing his response to the Complaint to be
16 due on September 8, 2009. Defendant Ernest Vaughn has not filed an answer to the Complaint or
17 a motion, as required by Rule 12.[3]  Therefore, Plaintiff is entitled to entry of default against
18 Defendant Ernest Vaughn.
19    Based on the foregoing, IT IS HEREBY ORDERED that:
20 1.   Plaintiff's request for entry of default against Defendant Ernest Vaughn is
21      GRANTED; and
22 2.   The Clerk is directed to enter default against Defendant Ernest Vaughn.
23
24    IT IS SO ORDERED.
25    Dated:   **February 26, 2010**          **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE
26
27    [3] The court's record reflects no appearance by Defendant in this action, with the exception of the filing of a
28 form consenting to Magistrate Judge jurisdiction on October 30, 2009. (Doc. 39.)