# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKY CURTIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>N. KUSHNER, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-00045-SKO PC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO VACATE ENTRY OF DEFAULT AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(Docs. 46, 48, 54) |

Plaintiff Rocky Curtis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. A default was entered against Defendant Vaughn on March 1, 2010, after Vaughn failed to file a timely answer to Plaintiff's complaint. (Doc. #45.) On March 22, 2010, Plaintiff filed a motion requesting an entry of default judgment against Defendant Vaughn. (Doc. #46.)

On April 27, 2010, Defendant Vaughn filed a motion requesting the Court to set aside the entry of default.[1] (Doc. #48.) Plaintiff filed an opposition to Defendant's motion on May 26, 2010. (Doc. #59.) Vaughn argues that good cause exists to vacate the entry of default because the delay in filing an answer was caused by mistake and excusable neglect. Vaughn argues that he mistakenly believed that Plaintiff's claims against him were dismissed when the Court dismissed a number of claims and Defendants on November 6, 2007. Vaughn was apparently confused because the Court's July 23, 2007 screening order found that Plaintiff only stated one cognizable claim against a

---

[1] Defendant filed a duplicate motion to set aside the entry of default on April 28, 2010. (Doc. #54.)

1

1  Defendant identified as "Doe 1." Vaughn did not realize he was "Doe 1" and mistakenly assumed
2  that the Court dismissed the claims against him. Vaughn also claims that matter was further
3  complicated because it took nearly two years to effect service of process.[2] Vaughn claims that he
4  has no recollection of providing Plaintiff with medical treatment.

5  Federal Rule of Civil Procedure 55(c) provides that an entry of default may be set aside for
6  good cause. The Court's discretion to set aside an entry of default is "especially broad." O'Connor
7  V. State of Nev., 27 F.3d 357, 364 (9th Cir. 1994) (quoting Mendoza v. Wright Vineyard
8  Management, 783 F.2d 941, 945 (9th Cir. 1986)). "'Where timely relief is sought from a default . .
9  . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion
10 to set aside the default so that cases may be decided on their merits.'" Id. (quoting Mendoza, 783
11 F.2d at 945-46). When considering a motion to set aside an entry of default, the Court considers
12 three factors: 1) whether the movant seeking to vacate the entry of default engaged in culpable
13 conduct that led to the default; 2) whether the movant has a meritorious defense, or 3) whether
14 vacating the entry of default would prejudice Plaintiff. Franchise Holding II, LLC, v. Huntington
15 Restaurants Group, Inc., 375 F.3d 922, 925-26 (9th Cir. 2004) (quoting American Ass'n of
16 Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000)).

17 Although Defendant Vaughn is certainly culpable for failing to recognize that Plaintiff has
18 stated cognizable claims against him and that Vaughn was supposed to file a timely answer to
19 Plaintiff's complaint, the Court finds that Vaughn's mistake is excusable. Vaughn was not
20 represented when he was served with the summons and complaint. Plaintiff's complaint did not
21 identify Vaughn by name, so Plaintiff's claims against Vaughn were unclear. Further, the complaint
22 described events that occurred in 2004 and Vaughn did not submit his waiver of service until July
23 2009. Vaughn claims that he had no recollection of the five-year old events that were described in
24 Plaintiff's complaint, lending further credence to Vaughn's claim that he was unaware that he was
25 the "Doe 1" described in Plaintiff's complaint.

26 ///

---

28  [2] Service was delayed because Plaintiff initially did not have sufficient information to effect service of process.

After receiving the notice of default that was entered on March 1, 2010, Vaughn sought the assistance of counsel. Vaughn's motion to set aside the entry of default was filed less than two months after default was entered, which the Court finds to be reasonably timely.

Vaughn also argues that he has "a just and complete defense to the Complaint because [Vaughn] did not treat [Plaintiff] with deliberate indifference." (Decl. of Earnest Vaughn in Supp. of Def.'s Mot. to Set Aside Entry of Default 2:8-12, ECF No. 49.)

There is no indication that vacating the entry of default would cause Plaintiff to suffer any prejudice. Plaintiff filed an opposition to Vaughn's motion. Plaintiff claims that Vaughn's failure to file an answer was "a calculated risk" but there is no logical explanation how purposefully neglecting to file an answer is advantageous to Defendant. Plaintiff states that Vaughn purposefully failed to respond to the complaint "in hopes that [Plaintiff] would not know how to prosecute the complaint without an answer." (Opp'n to Mot. to Set Aside Entry of Default 3, ECF No. 59.) This alleged strategy neither makes sense nor supports the inference that Defendant deliberately failed to file an answer to Plaintiff's complaint. Plaintiff has not identified any prejudice he suffered as a result of Vaughn's failure to file an answer on time.

Given the preference to resolve matters on their merits rather than by default judgment, the Court will vacate the entry of default against Defendant Vaughn and deny Plaintiff's motion for default judgment.

Accordingly, it is HEREBY ORDERED that:

1. Defendant's motion to set aside the entry of default is GRANTED;

2. The entry of default against Defendant Vaughn is VACATED; and

3. Plaintiff's motion for default judgment is DENIED.

IT IS SO ORDERED.

**Dated:   August 10, 2010**               /s/ Sheila K. Oberto
                                      UNITED STATES MAGISTRATE JUDGE