IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKY CURTIS, | Case No. 1:06-cv-00045 JLT (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | (Doc. 62) |
| N. KUSHNER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant Vaughn rendered inadequate medical care in violation of the Eighth Amendment. Now pending before the Court is Defendant's March 7, 2011 motion for summary judgment. Plaintiff has filed an opposition, and Defendant has filed a reply. For the reasons set forth below, the Court **GRANTS** Defendant's motion for summary judgment.

## I. BACKGROUND

### A. Factual Background

Plaintiff alleges as follows.[1] On May 13, 2004, Plaintiff injured several fingers while playing softball. (Doc. 1 at 4.) Plaintiff underwent surgery to repair one of his fingers on July 22, 2004 (Id.) On October 15, 2004, the cast on Plaintiff's repaired finger was removed, and on October 20, 2004, physical therapy was prescribed. (Id.)

---

[1] For the purpose of this motion, Plaintiff's allegations are not disputed. (Cf. Doc. 63 at 2-4.)

1

On October 26, 2004, Plaintiff underwent an initial evaluation with Defendant Vaughn who is a physical therapist. (Id.) During the evaluation, Defendant pulled one of Plaintiff's injured fingers, causing Plaintiff "excruciating" pain. (Id.) Defendant then stated, "If you were on the streets, I would have given you a shot for the pain first, but since you are in prison, oh well! Deal with it." (Id.) The evaluation was terminated soon thereafter. (Id. at 5.) Plaintiff never returned to Defendant for further treatment. (Id. at 4.)

Based on these allegations, Plaintiff claims that Defendant Vaughn was deliberately indifferent to his medical needs in violation of the Eighth Amendment. (See id. at 6.) More precisely, Plaintiff claims that Defendant should not have pulled on his finger and should have provided him pain relief. (Id.) Plaintiff now seeks monetary damages. (Id. at 3.)

**B.     Procedural History**

Plaintiff filed his complaint and initiated this action on January 13, 2006. (Doc. 1.) By order filed July 23, 2007, the Court screened the complaint and found that it states a cognizable claim against Defendant Vaughn under the Eighth Amendment for inadequate medical care. (Doc. 9.) The Court instructed Plaintiff to either notify the Court of his willingness to proceed only on this claim or file an amended complaint curing the deficiencies identified by the Court in its order with respect to Plaintiff's other claims. (Id.) On August 20, 2007, Plaintiff notified the Court that he did not wish to amend his complaint. (Doc. 10.)

The Court ordered service on Defendant. (Doc. 18.) After experiencing some initial difficulty, service of process was finally effectuated on Defendant on or around July 7, 2009 (Doc. 38); however, Defendant did not file a responsive pleading. Thus, on March 1, 2010, the Court granted Plaintiff's request for entry of default against Defendant. (Doc. 44.)

In response, on April 28, 2010, Defendant filed an answer to Plaintiff's complaint. (Doc. 53.) Defendant also filed a motion to set aside the entry of default (Doc. 53), which the Court granted on August 11, 2010. (Doc. 60.)

On March 7, 2011, Defendant filed the instant motion for summary judgment. (Docs. 62-68.) Upon direction by the Court (Doc. 69), Plaintiff filed his opposition to the motion on May 11, 2011. (Doc. 70.) Defendant filed a reply two days later, on May 13, 2011. (Doc. 71.)

## II.  LEGAL STANDARDS

### A.  Summary Judgment

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute regarding a material fact is genuine if the evidence is such that a reasonable trier of fact could return a verdict in favor of the nonmoving party. Id.

A party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). Where the movant will have the burden of proof on an issue at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). "On an issue as to which the nonmoving party will have the burden of proof, however, the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." Id. (citing Celotex, 477 U.S. at 323).

If the movant has sustained its burden, the nonmoving party must "show a genuine issue of material fact by presenting *affirmative evidence* from which a jury could find in [its] favor." FTC v. Stefanchik, 559 F.3d 924, 929 (9th Cir. 2009) (citing Anderson, 477 U.S. at 257 (1986)) (emphasis in the original). Although the nonmoving party need not establish a material issue of fact conclusively in its favor, it may not simply rely on "bald assertions or a mere scintilla of evidence in [its] favor" to withstand summary judgment. Stefanchik, 559 F.3d at 929. Indeed, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (citation omitted).

///

In resolving a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence." Soremekun, 509 F.3d at 984. Rather, "the evidence of the [nonmoving party] is to be believed, and all justifiable inferences are to be drawn in [its] favor." Anderson, 477 U.S. at 255. See T.W. Electric Service, Inc. v. Pacific Electric Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987). Inferences, however, are not drawn out of the air; it is the nonmoving party's obligation to produce a factual predicate from which the inference may justifiably be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985).

**B.      Eighth Amendment – Inadequate Medical Care**

To state a claim for the violation of the Eighth Amendment based on inadequate medical care, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In other words, the plaintiff must demonstrate: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

A medical need is serious "if the failure to treat the condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997). Indications that a person has a serious need for medical treatment include: the existence of an injury that a reasonable doctor or patient would find worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. McGuckin, 974 F.2d at 1059-60 (citations omitted).

A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. See Farmer v. Brennan, 511 U.S. 825, 837-42 (1994); Jett, 439 F.3d at 1096. Deliberate indifference may appear when a defendant denies, delays, or otherwise interferes with medical treatment. See Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). Nevertheless, "[d]eliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). A difference in opinion between a physician and his patient over

4

the best course of treatment is also insufficient to demonstrate deliberate indifference. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

## III.    DISCUSSION

Defendant contends that he is entitled to summary judgment because there is no genuine issue of material fact as to whether he acted with deliberate indifference to Plaintiff's serious medical needs. Defendant asserts that he did not. As support for his argument, Defendant has provided a declaration from Jeffrey R. Vargo, a licensed physical therapist.[2] (Doc. 65.) Mr. Vargo declares that after a review of the record in this case, nothing contained therein suggests that Defendant's actions fell below the standard of care. Specifically, Mr. Vargo maintains that it was normal for Defendant to try to move Plaintiff's finger to gauge the finger's strength and range of motion. (Doc. 65-2 at 2.) Mr. Vargo also asserts that it would have been inappropriate for Defendant to provide Plaintiff any pain medication during this time because such would have compromised Defendant's ability to determine the finger's range of motion and ability to prescribe a course of treatment. (Id. at 3.) In fact, Mr. Vargo notes that physical therapists do not prescribe medication or administer injections, and in doing so, Defendant would have been subject to discipline by the Physical Therapy Board of California for acting outside the scope of his practice. (Id. at 2.)

Based on the forgoing, the Court finds that Defendant has carried his initial responsibility on summary judgment of demonstrating that there is no genuine issue of material fact regarding the issue of deliberate indifference. Thus, the burden shifts to Plaintiff to show that a genuine issue of fact does exist "by presenting *affirmative evidence* from which a jury could find in [his] favor." Stefanchik, 559 F.3d at 929 (citation omitted) (emphasis in the original). Plaintiff may not rely on "bald assertions or a mere scintilla of evidence" to withstand summary judgment. Id.

After considering Plaintiff's opposition to the instant motion, his deposition, and his verified complaint, the Court concludes that Plaintiff has not submitted evidence sufficient to demonstrate the existence of a genuine issue of material fact. In his opposition, Plaintiff simply argues that Defendant should have read Plaintiff's Health Care Services Request Form, wherein Dr. Nichols explains that

---

[2] Upon review of Mr. Vargo's credentials (Doc. 65-1 at 1-3), the Court finds that Mr. Vargo qualifies as an expert on physical therapy pursuant to Federal Rule of Evidence 702 and is competent to testify on the relevant standard of care. See Fed. R. Evid. 702.

5

Plaintiff's finger was "frozen" and incapable of being moved or fixed. (Doc. 70 at 1.) Therefore, in Plaintiff's view, Defendant committed "malicious medical malpractice" when he failed to follow Dr. Nichol's advice and instead tried to manipulate Plaintiff's finger. (Id.)

Plaintiff's argument fails for two reasons. First, Plaintiff provides no evidence demonstrating that Defendant actually read the Health Care Service Request Form. The form Plaintiff refers to only shows the signatures of two physicians, neither of which belong to Defendant. (See Doc. 1 at 47.) As explained above, unless Defendant *knowingly* deprived Plaintiff of adequate medical treatment, there can be no finding of deliberate indifference. See Farmer, 511 U.S. at 837-38 (deliberate indifference requires the defendant to "know of and disregard[]" an excessive risk to plaintiff's health"). Second, even if Defendant did know that Plaintiff's finger was "frozen" and incapable of being moved or fixed, Plaintiff provides no evidence demonstrating that it was medically unacceptable for Defendant to try to move Plaintiff's finger in order to measure its range of motion and to determine the proper course of treatment. The absence of evidence is particularly glaring in the face of Mr. Vargo's declaration stating that such was reasonable according to the relevant standard of care.

Accordingly, because the undisputed evidence before the Court establishes that Defendant did not act with deliberate indifference to Plaintiff's medical needs, the Court concludes that Defendant is entitled to summary judgment in his favor.

**IV.    CONCLUSION**

For all the reasons set forth above, it is **HEREBY ORDERED** that:

1. Defendant's March 7, 2011 motion for summary judgment (Doc. 62) is **GRANTED**.
2. The Clerk of the Court **SHALL** enter judgment and close this case.

IT IS SO ORDERED.

Dated:   **May 20, 2011**              /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE